UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARWA IBRAHIM,<br>  c/o JD Howlette Law<br>  1140 3rd St. NE<br>  Washington, DC 20002<br><br>      Plaintiff,<br><br>  v.<br><br>MOHAMMED KHALID ALI,<br>  320 Newbury Street, Unit 102<br>  Danvers, Massachusetts 01923,<br><br>      Defendant.<br>_____/ | Case No. 1:24-cv-11996<br><br>DEMAND FOR JURY TRIAL |

**COMPLAINT**

Plaintiff Marwa Ibrahim ("Ms. Ibrahim"), for her complaint against Defendant Mohammed Khalid Ali, alleges the following:

1. Ms. Ibrahim brings this action to seek redress for the harm she suffered due to Defendant's fraudulent conduct whereby Defendant deceived Ms. Ibrahim into loaning him $85,000 under false pretenses, claiming he was going to use the loaned money to make a mortgage payment. Instead, Defendant misused the funds to pay off personal debts and subsequently failed to repay the loan as promised.

2. Ms. Ibrahim's claims arise under the laws of the Commonwealth of Massachusetts.

\\

\\

\\

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this action under 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff and Defendant, and the amount in controversy exceeds $75,000.

4. Venue is proper in this judicial district under 28 U.S.C. § 1391(b) because the Defendant resides within this judicial district and because a substantial part of the events or omissions giving rise to the Ms. Ibrahim's claims herein occurred within this judicial district.

## THE PARTIES

5. Plaintiff Marwa Ibrahim is a citizen of Egypt and a recent PhD graduate from the University of North Carolina. Ms. Ibrahim resides in Washington, D.C.

6. Defendant Mohammed Khalid Ali is a citizen of Iraq, and he works for company located in Danvers, Massachusetts. Upon information and belief, Mr. Ali resides within Essex County, Massachusetts.

## Background

7. In or around September 2022, Ms. Ibrahim and the Defendant became engaged.

8. Defendant is the sole owner of the real property located 320 Newbury St., Unit 102, Danvers, MA 01923.

9. In or around February 2023, Defendant informed Ms. Ibrahim that he needed $85,000.00 to make an additional payment on his note/mortgage to reduce the interest rate (the "Advanced Payment"). Defendant asked Ms. Ibrahim to loan him $85,000.00 for that purpose.

10. Ms. Ibrahim sent Defendant a total of $85,000.00 (the "Loan"), which Defendant promised to repay as soon as possible. The Loan was disbursed to Defendant in three separate

installments via wire transfers executed on or about February 21, 2023, and February 23, 2023. Attached hereto as Exhibit 1 are true and correct copies of the wire transfer confirmations.

11. In or around April 2023, Defendant informed Ms. Ibrahim that the bank did not accept the Advanced Payment. Despite the claim, Defendant did not return the amount of the Loan to Ms. Ibrahim despite her requests to do so.

12. In or around August 2023, Defendant and Ms. Ibrahim got married in Dubai, and Ms. Ibrahim began residing at Defendant's residence in Danvers, Massachusetts. Ms. Ibrahim continued to question Defendant as to when she could expect to receive repayment of the Loan amount.

13. On February 6, 2024, Defendant and Ms. Ibrahim separated, and Ms. Ibrahim thereafter relocated to Cambridge, Massachusetts.

14. On or about February 15, 2024, Defendant acknowledged his indebtedness to Ms. Ibrahim and communicated his intention to settle the outstanding debt.

15. After Defendant and Ms. Ibrahim separated, Defendant commenced making periodic payments of $2,000.00 to Ms. Ibrahim.

16. In or around April 2024, Defendant and Ms. Ibrahim initiated divorce proceedings in Dubai.

17. To date, Defendant has remitted six payments of $2,000.00 to Ms. Ibrahim, for a total of $12,000.00. Accordingly, the outstanding balance due on the loan is $73,000.00.

## COUNT I
**Fraud By Defendant**

18. Ms. Ibrahim incorporates herein the allegations set forth in paragraphs 5 through 19, above.

19. In or around February 2023, Defendant told Ms. Ibrahim that he needed a loan of $85,000 to reduce the interest rate on the outstanding note/mortgage for the real property he owns in Danvers, Massachusetts. Defendant further told Ms. Ibrahim that the loan funds would be used solely for that purpose. Defendant's statements were false because, upon receiving the funds from Ms. Ibrahim, he did not use the $85,000 to make a payment towards his mortgage.

20. Defendant never intended to use the $85,000 to reduce the interest rate on his note/mortgage.

21. Defendant knew that his statements were false at the time he made them to Ms. Ibrahim, or Defendant otherwise made the statements with reckless indifference as to their truth. Defendant used the $85,000 to pay off his personal debts and did not return any of the funds to Ms. Ibrahim until he began making periodic payments in or around February 2024.

22. Defendant made the statements for the purpose of defrauding Ms. Ibrahim out of $85,000 so that he could pay down his personal debts.

23. Ms. Ibrahim relied on Defendant's statements, and she had a right to rely on the statements. In reliance on Defendant's statements, Ms. Ibrahim remitted the requested $85,000 to Defendant.

24. Defendant acted intentionally, and with malice, in making the false statements for the purpose of defrauding Ms. Ibrahim out of the $85,000.

25. Ms. Ibrahim has suffered and continues to suffer substantial harm due to Defendant's conduct.

## COUNT II
**Unjust Enrichment**

26. Ms. Ibrahim incorporates herein the allegations set forth in paragraphs 5 through 19, above.

27. Ms. Ibrahim conferred a benefit on Defendant when she loaned him $85,000 so that Defendant could reduce the interest rate on his note/mortgage.

28. Defendant accepted or retained the benefit of the $85,000 without paying good and valuable consideration for it in return.

29. Under the circumstances, it would be egregiously unjust and inequitable to allow Defendant to retain the benefit of the $85,000 without paying value in return.

30. Ms. Ibrahim incurred substantial harm due to Defendant's conduct.

### COUNT III
### Promissory Estoppel

31. Ms. Ibrahim incorporates herein the allegations set forth in paragraphs 5 through 19, above.

32. Defendant made a clear and definite promise when he asked Plaintiff to loan him $85,000.00 on the condition that he would repay the loan.

33. Defendant had a reasonable expectation that his promise would induce action on the part of Ms. Ibrahim.

34. Defendant's promise did in fact cause Ms. Ibrahim to act. Ms. Ibrahim transferred $85,000 to the Defendant.

35. Defendant's conduct caused an unjust detriment to Ms. Ibrahim that can only be avoided by enforcement of the promise.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Marwa Ibrahim respectfully request that the Court enter judgment on the Complaint, in her favor and against Defendant Mohammed Khalid Ali, as follows:

  A. Award Ms. Ibrahim compensatory damages for the harm she suffered as a result of Defendant's conduct, in fair and reasonable amount to be determined at trial;

  B. Award Ms. Ibrahim punitive damages against Defendant, in an amount that sufficiently punishes, penalizes, and/or deters Defendant's unlawful conduct;

  C. Award Ms. Ibrahim pre-judgment interest and post-judgment interest;

  D. Award Ms. Ibrahim the costs and fees she incurred in connection with this action, including reasonable attorneys' fees;

  E. Grant Ms. Ibrahim such other relief as the Court deems just and proper, including additional injunctive and declaratory relief as may be required in the interest of justice.

Dated: August 2, 2024

                */s/ Jordan D. Howlette*
                JORDAN D. HOWLETTE
                MA Bar No.: 696274
                Managing Attorney
                JD Howlette Law
                1140 3rd St. NE
                Washington, DC 20002
                Tel: (202) 921-6005
                Fax: (202) 921-7102
                jordan@jdhowlettelaw.com
                *Counsel for Plaintiff*